IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

June 29, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

VICKIE SUE ANDERSON,            ) C/A NO. 03A01-9810-CV-00366
                               )
        Plaintiff-Appellant,)
                               )
                               )
                               )
                               ) APPEAL AS OF RIGHT FROM THE
v.                             ) McMINN COUNTY CIRCUIT COURT
                               )
                               )
                               )
                               )
RONNY LEE ANDERSON,            )
                               ) HONORABLE JOHN B. HAGLER, JR.
        Defendant-Appellee. ) JUDGE

## CONCURRING OPINION

        The divorce judgment in this case does not address, in any way, the role or prerogatives, if any, of the joint custodian, Mr. Anderson, in the formulation of significant decisions regarding the rearing of the parties' minor child. Without question, a decision to home-school a child is a major decision impacting a child's development; but we are faced with a divorce judgment that simply awards joint legal custody with no further guidance as to what rights such an award grants to a joint custodian who is not the residential custodian. While T.C.A. § 36-6-101(3)(A)-(F) sets forth certain rights flowing from a joint custody award, neither it nor any other statute known to the undersigned addresses the issue of the right of a joint custodian to participate in major decisions affecting the rearing of a child. If and when the concepts embodied in T.C.A.

1

§ 36-6-401, *et seq.*, are accorded statewide application, the problem presented by the divorce judgment in this case may be rectified. Until that happens, attorneys and judges who craft joint custody decrees would be well advised to specifically address the rights and prerogatives of joint custodians in major decisions affecting their minor children. Such decrees should also address how to resolve an impasse between the parents. Alternative dispute resolution should be considered as a possible option -- one that may be preferable to further burdening an already overburdened court system.

While I am reluctant to countenance interference of the state with a parent's decision regarding how a child is to be educated, I am persuaded that this is an appropriate case for such intervention. This is not because of any inherent deficiency in home-schooling in general. On the contrary, Tennessee has recognized the legality of home-schooling under appropriate circumstances. *See* T.C.A. § 49-6-3050. Rather, intervention in this case is required because the record before us raises a serious doubt regarding the ability of Mrs. Anderson to home-school her child. Since this very major -- and, I believe, erroneous -- decision to home-school was made in the face of the opposition of the joint custodian, Mr. Anderson, I concur in the majority's decision to affirm the trial court's judgment ordering that the child be placed in a regular school setting. I hasten to add that my concurrence should not be read as an endorsement of court intervention in every joint custody case where the parties are unable to agree on what is in the best interest of their child and the court's decree regarding joint

2

custody is essentially silent as to the rights of the non-residential custodian.

_____
CHARLES D. SUSANO, JR., J.

3